## GOFF v. LONG-BELL LBR. CO.

No. 18905. Opinion Filed Jan. 14, 1930.

Rehearing Denied March 25, 1930.

Prentiss E. Rowe, for plaintiff in error.

Walker & Lewis and L. V. Orton, for defendants in error.

REID, C. On February 23, 1925, the defendant, Goff, made a written contract with one Smith to furnish the material and build a residence and garage for him on two certain lots in the city of Pawnee, Okla. Soon thereafter Smith proceeded on the contract. On August 25, 1925, the plaintiff, Long-Bell Lumber Company, filed in the office of the court clerk of Pawnee county a verified statement asserting a subcontractor's lien on the property for certain material alleged to have been furnished Smith between February 26, 1925, and June 27, 1925, and been used by him in building the residence and garage. Notice was given the defendant that such lien was claimed. Payment was refused and the plaintiff brought this suit. Judgment by default was entered against Smith. Upon a trial to a jury of the case between the plaintiff and the defendant, Goff, the court submitted special interrogatories which the jury answered, each adversely to the defendant, and also returned a general verdict against him finding a lien on the premises for the sum of $2,530.85, the amount sued for. Judgment was entered accordingly, and the defendant appeals.

The action of the court in having the jury answer the special interrogatories in connection with the general verdict is authorized by article 7, section 21, of the Constitution of this state.

The court did not abuse its discretion in permitting the plaintiff to reopen its case and present the testimony of the witness Murphy.

It appears that the main question urged on this appeal is that the evidence is insufficient to sustain the verdict and judgment. The interrogatories were directed to the decisive issues in the case and by them the jury was asked: (1) To find the total amount of material furnished by plaintiff that was used in the construction of the building; (2) the date upon which the last item of material was furnished and was actually used in the building; (3) whether the plaintiff had been paid in full for the material so furnished: and (4) the jury was directed to state the amount remaining due to the plaintiff for such material in the event it was found that plaintiff had not been paid in full. To these questions the jury answered that plaintiff had furnished Smith material in the sum of the amount sued for; that the last item was furnished and

used on June 27, 1925; that there remained due the amount of $2,530.85.

The contractor, Smith, testified by deposition that in the early part of 1925, he contracted with Goff to furnish the material, and build and complete a residence and garage for him; that they contracted for and got certain classes of the material that went into the house from the plaintiff; that he had examined the itemized statement of his account, which was attached to the petition of plaintiff, and that, so far as he knew and to the best of his knowledge, the account was correct; that he made only one payment of $99.55 or $100 on the account; that the last material was bought in the latter part of June, and he left the job on July 2, 1925.

The local manager of plaintiff lumber company testified that, acting for the company he agreed with Smith to furnish everything in the Goff job except the mill work, hardware and some other items, in February, 1925. And that the last of this material was furnished on June 27, 1925. This witness exhibited the original charge tickets constituting and making up the various items of the account sued on, and the tickets were introduced in evidence. The items of the tickets were charged to Smith's account, and the tickets had thereon a notation stating that they were for the Goff job, and also indicating the names of the draymen hauling the material. This witness stated that he was on the place where the house was being constructed 15 or 20 times, and that he saw no material being used of the kind he had agreed for the plaintiff to furnish other than that furnished by it; that Smith was not engaged in constructing any other building at that time, which would have required the kind of material being furnished by the plaintiff.

The three draymen, whose names appear upon the different charge tickets as hauling the material, testified that they hauled material from plaintiff's yard to the buildings. And their evidence also tended to show that this material was used in the buildings.

The foregoing evidence introduced by plaintiff was sufficient to withstand defendant's demurrer. De Bolt v. Farmers Exchange Bank et al., 51 Okla. 12, 151 Pac. 686. There was some evidence offered by defendant to the effect that some material, which was on the Goff job, was not used in the building, but removed therefrom. However, it was not sufficient to establish the fact that such material constituted items in the account sued on, and thus bring this case within the foregoing case in which the subcontract-

or was denied a lien under the defendant's evidence.

The defendant's counsel testified that sometime in June, 1925, he was called to the First National Bank of Pawnee by the defendant, and there an officer of the bank exhibited to him a check dated May 2, 1925, in the sum of $500, payable to the plaintiff, drawn on that bank, signed by Smith, the contractor, indorsed "Long-Bell Lbr. Co., by Frank Murphy," and it had on its face this notation: "For lumber on Goff job." While in the bank, the attorney made a correct copy of the check as it there appeared. And, the original check having been turned over by this drawee bank to Smith, and not being in the possession of or accessible to the parties, the copy was admitted in evidence on the theory and claim of the defendant that the notation thereon was evidence of a payment of $500 by Smith to the plaintiff for material used in the Goff property, and for which no credit had been given. One of the officers of the bank testified that, in his opinion, the notation was in the same handwriting as the body of the check. But, in view of the fact that Murphy, the local manager of the company, who indorsed the check, testified that this notation was not on the check when he received it, and the further testimony of this witness, and also of Smith, that only the amount we have stated was ever paid on the Goff material, there is created a situation in the evidence which would not authorize this court to disturb the judgment. The defendant's evidence contradicted the plaintiff's in material particulars, but upon a careful consideration of the entire record, we have concluded that there is evidence sufficient to support the judgment.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.