**ANDERSON et al. v. W. L. OAKES MFG. CO.**

**No. 4435.**

United States Court of Appeals Tenth Circuit.

June 23, 1952.

D. C. Johnston, Oklahoma City, Okl. (W. A. Daugherty, Tulsa, Okl., and D. I. Johnston, Oklahoma City, Okl., on the brief), for appellants.

Paul L. Washington, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

While other parties were involved in this action in the trial court, the controversy presented by this appeal is between G. Fred Anderson, Harry M. House, and Patterson Steel Company, a corporation, doing business together as Industrial Construction Company, herein referred to as Industrial, and W. L. Oakes Manufacturing Company, herein referred to as Oakes. So far as material to the issues, the facts may be briefly summarized as follows: Industrial obtained a contract for the construction of a housing project in Norman, Oklahoma, consisting of 244 identical apartment units. Under contract with Industrial, Oakes agreed to furnish listed items consisting of fabricated closets, shelving, door jambs, and buffets for installation in each of the units for a consideration of $39,535.52. Oakes furnished all the material called for by the contract and was paid $34,315.50 on the contract price. Oakes claims that in addition to the material called for in the contract it furnished extra material of a value of $7,590.96. It also paid sales taxes in the sum of $839.99, which admittedly were Industrial's obligations. Industrial acknowledged liability for the balance due under the contract and also for the sales taxes, so the only item in dispute is the one for these extras. The questions are whether these items were furnished and, if so, whether Oakes may have the benefit of the Oklahoma Materialman's Lien Law. 42 O.S.A. § 141 and 42 O.S.A. § 143.[1]

---

1. 42 O.S.A. § 141. "Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the

 Industrial contends that there is a complete failure of testimony to support the trial court's finding that the extra material was in fact furnished. With this we cannot agree. The testimony on behalf of Industrial on the one hand and on behalf of Oakes on the other is in irreconcilable conflict. No useful purpose would be served by detailing all the evidence which leads us to conclude that the trial court's finding in this respect finds support in the record. Admittedly a great deal of extras or material, in addition to that called for in the contract, were furnished as shown by invoices in the record. Industrial contends that some of the material furnished by Oakes was defective and was returned for reprocessing and that this accounts for the additional invoices. Oakes concedes that some material was returned for reprocessing but testified that no such material was included in the extra invoices. If Oakes' testimony is to be accepted as it was by the trial court, the reprocessed material does not account for the material represented by these additional invoices. The trial court's finding with respect to this fact issue finds support in the record and will, therefore, not be disturbed on appeal.

The further contention is made that under the Oklahoma Lien Law it is necessary not only to show that the material was furnished but also that it actually was used in the building upon which the lien is asserted, and that Oakes failed to show that the material in question went into the building. De Bolt v. Farmers' Exchange Bank, 51 Okl. 12, 151 P. 686, is cited to sustain this contention, but an examination of that case does not support this broad statement. There the uncontradicted evidence showed that the material furnished for the purpose of constructing a second story of a bank building, to be used as a lodge room, was diverted in large part by the contractor and was used elsewhere; that there was no evidence to show that any substantial part of the material was in fact used for the construction of the second story. Under these facts the court held that the lien claimant had failed to show that the material was used on the job. The court did recognize the general principle that the furnishing of the material upon the premises and the construction of the improvement prima facie established that the material was used. The opinion of the court also makes it clear that it is not required that one claiming a lien maintain a checker on the premises to see that every piece of material furnished for the job actually goes into the improvement. Thus the court said: "In order for the plaintiff to foreclose a materialman's lien, it is incumbent upon him to show that the material furnished went into the building. Rockel on Mechanics' Liens, § 22. Yet, when it is shown that the material was sold to be used in the building, that it was delivered to the builder upon the premises where the building is to be erected, and that the building was actually erected, and where there is some testimony showing that some of the material was used in the building, then a prima facie case is made out." [2] Such is the case before us. This material was specifically prefabricated and designed for use in these apartments alone. It was delivered on the job and there is ample evidence that it was used in the building. There is no showing that any of it was delivered to other jobs. In these respects the case differs from De Bolt, supra, upon which appellant relies.

Affirmed.

erection, alteration or repair of any building, improvement or structure thereon * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances."

42 O.S.A. § 143. "Any person who shall furnish any such material or perform such labor as a sub-contractor, or as an artisan or day-laborer in the employ of the contractor, may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor; * * *."

2. The De Bolt case was followed by the Supreme Court of Oklahoma in Guest v. Shamburger, 120 Okl. 164, 251 P. 97; Rich v. State, Okl.Cr., 284 P. 903; and Goff v. Long-Bell Lumber Co., 142 Okl. 194, 286 P. 1.